An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDDY ARMORA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62576

FILED

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of assault with a deadly weapon with the intent to promote, further or assist a criminal gang. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Appellant Freddy Armora contends that the district court abused its discretion by denying his presentence motion to withdraw his guilty plea.[1] Armora claims that counsel's refusal to accept collect telephone calls rendered his plea per se invalid. *See* ADKT 411 (Order, October 16, 2008) (Exhibit A, Standard 4-3 ("Counsel must maintain . . . a system for receiving collect telephone calls from incarcerated clients.")). *But see id.*, Standard 1(d) (standards of performance herein are to be used

_____

[1]The Honorable Linda Marie Bell, District Judge, presided over Armora's motion and the sentencing hearing.

13-27784

as guidelines and the "[f]ailure to adhere to the standards does not, in and of itself, constitute ineffective assistance of counsel"). We disagree with Armora's contention.

"A district court may, in its discretion, grant a defendant's [presentence] motion to withdraw a guilty plea for any substantial reason if it is fair and just." *Woods v. State*, 114 Nev. 468, 475, 958 P.2d 91, 95 (1998) (internal quotations omitted). At the hearing on his motion, Armora's former counsel testified that although he was unable to accept collect telephone calls from inmates, he did in fact meet several times with Armora and thoroughly discussed the plea negotiations and agreement with him prior to the entry of his plea. Based on the totality of the circumstances, the district court determined that Armora "fail[ed] to establish any substantial, fair, and just reason to withdraw [his] plea" or prejudice, and that his plea was entered voluntarily, knowingly, and intelligently. *See Crawford v. State*, 117 Nev. 718, 722, 30 P.3d 1123, 1125-26 (2001). We conclude that Armora failed to satisfy his burden and prove that his plea was invalid, *see Molina v. State*, 120 Nev. 185, 190, 87 P.3d 533, 537 (2004), and the district court did not abuse its discretion by denying his motion, *Johnson v. State*, 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007) ("This court will not reverse a district court's determination

concerning the validity of a plea absent a clear abuse of discretion.").

Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                             Saitta


cc:   Hon. Jennifer P. Togliatti, District Judge
      Hon. Linda Marie Bell, District Judge
      Law Office of Betsy Allen
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[2]The fast track statement does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it does not contain 1-inch margins on all four sides. The fast track statement and response do not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it appears that the text is not double-spaced. Counsel for the parties are cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).